An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ARTHUR J. BREWER A/K/A ARTHUR JOSEPH BREWER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62643

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant filed his petition on July 30, 2012, more than five years after issuance of the remittitur on direct appeal on April 3, 2007. *Brewer v. State*, Docket No. 48014 (Order of Affirmance, March 6, 2007). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1);

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Brewer v. State*, Docket No. 50377 (Order of Affirmance, August 12, 2008).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30674

NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

Appellant first claimed that the procedural bars should not apply because he raised jurisdictional claims. Appellant's claims did not implicate the jurisdiction, personal or subject matter, of the court. *See* Nev. Const. art. 6, § 6; NRS 171.010. Therefore, the procedural bars applied to appellant.

Next, relying in part on *Martinez v. Ryan*, 566 U.S. \_\_, 132 S.Ct. 1309 (2012), appellant argued that he had good cause because he was not appointed counsel in the prior post-conviction proceedings. We conclude that this argument lacked merit. The appointment of counsel was discretionary in the first post-conviction proceedings, *see* NRS 34.750(1), and appellant failed to demonstrate an abuse of discretion. Further, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures. *See Brown v. McDaniel*, \_\_ Nev. \_\_, \_\_ P.3d \_\_ (Adv. Op. No. 60, August 7, 2014). Thus, the failure to appoint post-conviction counsel and the decision in *Martinez* would not provide good cause for this late and successive petition.

Finally, appellant failed to overcome the presumption of prejudice to the State. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Elissa F. Cadish, District Judge
Arthur J. Brewer
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A